**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.                                                      Case No. 1:23-mc-99-TSC

DONALD J. TRUMP,

      Defendant.

_____/

**PRESIDENT TRUMP'S RESPONSE TO**
**MEDIA COALITION'S MOTION FOR AUDIOVISUAL AND**
**APPLICATION OF NBC UNIVERSAL MEDIA, LLC TO PERMIT VIDEO AND AUDIO**

      Before the Court are two motions by media outlets requesting audio and visual recording as well as broadcasting of the potential trial and other proceedings in this matter. One motion is by a combined Media Coalition (No. 1:23-mc-99-TSC, Doc. 1) and the other by NBC Universal Media, LLC (No. 1:23-mc-107-TSC, Doc. 1) (together, the "Motions").[1]

      For the first time in American history, an incumbent administration has charged its main, leading electoral opponent with a criminal offense. Aware that its charges are meritless, the prosecution has sought to proceed in secret, forcing the nation and the world to rely on biased, secondhand accounts coming from the Biden Administration and its media allies. As a result, the citizens of our great country are unable to review for themselves what the facts of this case show, and how unfairly President Trump is being treated at the hands of his political opponent. As President Trump has made clear from the outset, the prosecution has repeatedly denied him his fundamental constitutional rights, including the right to prepare for trial and to present a fulsome

---

[1] Per the Court's instructions, this response is filed in Case No. 1:23-mc-99-TSC, but should be construed as a response to both Motions or any additional motions on the topic of audio and visual access to the trial.

defense. The prosecution wishes to continue this travesty in darkness. President Trump calls for sunlight. Every person in America, and beyond, should have the opportunity to study this case firsthand and watch as, if there is a trial, President Trump exonerates himself of these baseless and politically motivated charges. The Court should grant the Motions without delay.

## DISCUSSION

At every turn, the Court has, at the prosecution's urging, denied President Trump his inalienable rights, including, without limitation, the rights to: a fair trial in a politically diverse venue, due process, a judge without the appearance of bias or prejudgment, prepare for trial, and the right to speak freely and publicly about this case in the face of the prosecution's egregious lies. The prosecution, betraying its solemn obligation to ensure that "justice shall be done," *Berger v. United States*, 295 U.S. 78, 88 (1935), has sought these inexcusable constitutional violations as part of a coordinated effort to undermine President Trump's candidacy as he faces, and leads, President Biden in the 2024 Presidential Election. Despite systemic prosecutorial misconduct, this Court has not acted to either ensure or protect President Trump's constitutional rights.

There is a high risk that proceeding behind closed doors under these circumstances would serve to further undermine confidence in the United States justice system, while continuing to prejudice President Trump's rights. For good reason, political trials "have virtually no defenders; they are reviled as a corruption of the judicial process and a betrayal of liberal principles." Eric A. Posner, *Political Trials in Domestic and International Law*, 55 DUKE L.J. 75, 78 (2005); *id*. at 105 ("[A]lthough the ability to target political opponents using low process may help the government maintain its power, this advantage may not compensate for the loss of public confidence.").

Indeed, "'show trials' tell more about the power of the state than about its concern for the decent administration of justice—with every citizen receiving the same kind of justice." *Chandler*

*v. Florida*, 449 U.S. 560, 580 (1981). Where a judicial proceeding takes place without traditional notions of due process, in a transparently partisan mission to defeat a political opponent ahead of an election that the prosecuting administration is likely to lose, value can be gained from televised broadcasts. Indeed, the public exposure will ensure that all can see how the Biden Administration is unlawfully and unconstitutionally attempting to eliminate its leading political opponent. Posner, 55 DUKE L.J. at 107; Otto Kirchheimer, *Political Justice: The Use of Legal Procedure for Political Ends*, 46, 47 (Greenwood Press 1980) ("The traditional [political] trial, [goes] beyond the pale of constitutionalism, riding roughshod over the defendant's procedural rights, and trying to squeeze propaganda value from possible distortions of actual events.").

Make no mistake, many of President Trump's constitutional rights have been denied in this case. Despite dumping nearly 13 million pages of documents on President Trump's defense counsel (along with thousands of hours of video and audio content), the prosecution sought a near-immediate trial, that it wanted to begin the same day as a scheduled evidentiary hearing in a separate criminal trial brought by the same prosecutor, allowing no time to adequately interview witnesses and respond to the charges. The prosecution has also stone-walled President Trump's reasonable requests for relevant discovery and exculpatory material,[2] while itself demanding early and unfair notice of his defenses and perpetrating unprecedented abridgments of President Trump's core freedoms of speech, due process, and defense preparation—all with the aim of winning an unjust conviction. Although the prosecution claims otherwise, its actions speak far louder than its

---

[2] Most recently, the prosecution opposed President Trump's constitutionally grounded request to extend the motion deadline to issue pretrial subpoenas and compel discovery. These are transparent attempts, characteristic of show trials, to thwart President Trump's rights to obtain exculpatory evidence. *See* Posner, 55 DUKE L.J. at 115.

words. Posner, 55 DUKE L.J. at 115 ("Governments can rarely be completely candid in political trials because they do not want to admit that the trial violates due process.").

Where, as here, the political opposition brings charges, the prosecutors and the Court should go above and beyond to ensure fairness and due process. Unfortunately, at every step of the way, the Court has allowed these attacks on President Trump's constitutional rights to continue, placing the interests of his political opposition above the precious protections that American patriots have fought and died for since our inception as a country.[3]

As such, this case has all the unfortunate badges of a trial in an authoritarian regime, lacking legitimacy or due process. Posner, 55 DUKE L.J. at 110 ("The most recognizable political trial is an ordinary trial for violation of a law that prohibits political opposition to the government."); Awol K. Allo, *The 'Show' in the 'Show Trial': Contextualizing the Politicization of the Courtroom*, 15 Barry L. Rev. 41, 42 (2010) ("As the struggle for power predominates the exercise of political authority…strategic, rather than deliberative, formation of truth-regimes and knowledge-objects serve to authenticate and legitimize exclusionary, subjugating, and oppressive political goals.").

"Within the courthouse the only relevant constitutional consideration is that the accused be accorded a fair trial." *Estes v. State of Tex.*, 381 U.S. 532, 589 (1965) (Harlan, J., concurring). That consideration has been systematically repressed from the beginning of this case. The public deserves to know about this travesty of justice and judge it for themselves. Sunlight is the only

---

[3] Unlike in authoritarian regimes, United States "judges are the guardians of due process rights, as well as of political rights such as free speech." Posner, 55 DUKE L.J. at 78–79. Without question, the Biden Administration seeks to usurp the perceived legitimacy of the courts in order to further its political goal of undermining its most significant rival. However, "the judicial process is designed to enforce the law, it cannot be used to eliminate political enemies" and "[t]o attempt such tasks is to injure the judicial process, because the principle of legality cannot survive them." Posner, 55 DUKE L.J. at 90 (citations omitted); *see also* Allo, 15 BARRY L. REV. at 42 (Fall 2010) ("[T]he lexicon of 'show trial' evolved within a political setting that utilized the courtroom, not for emancipatory purposes, but for purely coercive ideological ends").

disinfectant now available to restore justice to this proceeding and to ensure that the public's confidence in our judicial system is not irrevocably destroyed.

In sum, President Trump absolutely agrees, and in fact demands, that these proceedings should be fully televised so that the American public can see firsthand that this case, just like others, is nothing more than a dreamt-up unconstitutional charade that should never be allowed to happen again. Furthermore, President Trump is entitled to present his positions in this case to the American public, including his sacred obligation as President to investigate and address fraud and other irregularities in the 2020 Presidential Election. Therefore, the Court should grant the Motions and allow the movants to broadcast the proceedings of this matter in order to ensure that the American public can see the bare truth of this case, witness the Biden Administration's wrongful acts, and hear all the evidence regarding an election that President Trump believes was rigged and stolen.

Dated: November 10, 2023

Todd Blanche, Esq. (PHV)
toddblanche@blanchelaw.com
Emil Bove, Esq. (PHV)
emil.bove@blanchelaw.com
BLANCHE LAW
99 Wall St., Suite 4460
New York, NY 10005
(212) 716-1250

Respectfully submitted,

*/s/ John F. Lauro*
John F. Lauro, Esq.
D.C. Bar No. 392830
jlauro@laurosinger.com
Gregory M. Singer, Esq. (PHV)
gsinger@laurosinger.com
Filzah I. Pavalon, Esq. (PHV)
fpavalon@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990

*Counsel for President Donald J. Trump*