**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE MEDIA APPLICATION FOR AUDIOVISUAL ACCESS TO TRIAL PROCEEDINGS IN UNITED STATES OF AMERICA v. DONALD J. TRUMP** | **Case No. 23-mc-99 (TSC)** |
| **IN RE APPLICATION OF NBCUNIVERSAL MEDIA, LLC TO PERMIT VIDO AND AUDIO OF TRIAL PROCEEDINGS IN UNITED STATES v. DONALD TRUMP** | **Case No. 23-mc-107 (TSC)** |

**UNITED STATES' REPLY IN OPPOSITION TO
DEFENDANT DONALD J. TRUMP'S RESPONSE TO APPLICATIONS TO
BROADCAST THE CRIMINAL TRIAL OF UNITED STATES v. TRUMP**

On November 3, 2023, the United States filed its opposition (ECF No. 16) to applications by a coalition of media organizations for relief clearly foreclosed under Rule 53 of the Federal Rules of Criminal Procedure—to record and televise the criminal trial of Donald J. Trump ("defendant"). On November 10, the defendant responded (ECF No. 19) in support of the applications. The defendant's response does not cite a single rule or case in support of his position, because there are none. Instead, decrying the alleged unfairness of the unequivocal and constitutionally-sound broadcast prohibition that has governed federal criminal trials—no matter the defendant—for decades, the defendant's response is a transparent effort to demand special treatment, try his case in the courtroom of public opinion, and turn his trial into a media event. The Court should reject this attempted distraction and deny the applications.

Although the defendant pays lip service to proceedings where "every citizen receiv[es] the same kind of justice," ECF No. 19 (quoting *Chandler v. Florida*, 449 U.S. 560, 580 (1981)), he once again demands special treatment. But the defendant offers no legal argument or case law to

support his demand that trial in this case be conducted unlike that for every other federal criminal defendant.  His purported interest in "sunlight" (ECF No. 19 at 2, 4) does not cure that defect. Indeed, the defendant ignores that high-profile federal criminal trials have long proceeded in accordance with the broadcast prohibition under the rules—and that they have garnered significant and detailed media coverage of courtroom proceedings nonetheless.  *See United States v. Tsarnaev*, 595 U.S. 302, 313 (2022); *United States v. Moussaoui*, 205 F.R.D. 183, 184 (E.D. Va. 2002); *United States v. McVeigh*, 931 F. Supp. 753 (D. Colo. 1996).  This has remained true in the context of trials related to the January 6, 2021 attack on the United States Capitol, including on seditious conspiracy charges.  *See, e.g., United States v. Rhodes,* 610 F. Supp. 3d 29 (D.D.C. 2022); *United States v. Nordean,* 579 F. Supp. 3d 28 (D.D.C. 2021).  The comprehensive, often minute-by-minute, public reporting on courtroom hearings in this case provides further evidence that the defendant's desired "sunlight" need not come from eschewing the rules.

These rules apply to every defendant alike.  As this Court has made clear, it intends that the defendant "will be treated exactly, with no more or less deference, than any other defendant would be treated."  *United States v. Trump*, No. 23-cr-257, ECF No. 38 at 33.  Just like any other criminal defendant, the defendant may elect to proceed to trial and to put on a defense.  He may elect to file (and indeed has filed) motions related to, among other things, due process, judicial recusal, trial preparation, and presidential immunity.  *See* ECF No. 19 at 2 (identifying issues that were or are being briefed by both parties and considered by the Court, when complaining of "inexcusable constitutional violations as part of a coordinated effort to undermine President Trump's candidacy," and complaining about the apparent denial of a venue change motion that he has never made).  And he may elect to craft court filings with the goal of gathering media coverage rather than lawful relief from the Court, as he appears to have done on this and many other

occasions.  But neither he nor any other criminal defendant is free to bend or break the rules simply to advance a goal of "present[ing] his positions in this case to the American public," ECF No. 19 at 5, rather than to a jury.  *See Sheppard v. Maxwell*, 384 U.S. 333, 350 (1966) (quoting *Bridges v. California*, 314 U.S. 252, 271 (1941)) ("legal trials are not like elections, to be won through the use of the meeting-hall, the radio, and the newspaper.").

The defendant peppers his response with various references to "fairness," but what he actually seeks is to defy a uniform and longstanding broadcast prohibition that was crafted precisely with fair and orderly trial proceedings in mind.[1]   He desires instead to create a carnival atmosphere from which he hopes to profit by distracting, like many fraud defendants try to do, from the charges against him.  This scenario is not hypothetical.  As the Court has already observed in proceedings in the defendant's criminal trial, the defendant and his counsel will, if permitted, design their in-court statements instead to wage a public relations campaign.   And in the defendant's New York state civil fraud trial, the defendant recently used his testimony to condemn the case as a "political witch hunt," prompting the judge to admonish that "[t]his is not a political rally . . .."[2]   The Court should not grant the applications in plain contravention of Rule 53 and further motivate the defendant and his counsel to make improper statements inside the courtroom to provoke a public reaction outside of it.

Although the defendant proclaims that his goal is for the American public to watch the proceedings in this case (ECF No. 19 at 2, 5), he has consistently made clear his desire to delay the trial in this case or to ensure that one does not happen at all.  *See, e.g.,* No. 23-cr-257, ECF No.

---

[1] *See Judicial Conference Revises Policy to Expand Remote Access Over Its Pre-COVID Policy*, Admin. Off. of the U.S. Cts., https://perma.cc/S35N-P6GP.

[2] *See* NBC News, https://www.nbcnews.com/politics/donald-trump/live-blog/trump-fraud-trial-live-updates-rcna122520.

142 at 2-3 (listing defendant's efforts to delay trial in his criminal case).  If the defendant sought sunlight as he claims, he should welcome the opportunity to put the Government to its proof at trial.  Instead, his response to the applications shows that he will continue to attempt to avoid answering for his criminal conduct in the courtroom while at the same time publicly grandstanding on the Court's docket.

The Court should decline the defendant's "demand" (ECF No. 19 at 5) that he be placed beyond the rules and above the law.  And it should avoid the spectacle—and attendant risks of witness intimidation—that the longstanding rules against courtroom broadcasting are designed to avoid.  For all the reasons stated here and in the Government's opposition, ECF No. 16, the applications should be denied.

Respectfully submitted,

JACK SMITH
Special Counsel


*/s/ James I. Pearce*
James I. Pearce
John M. Pellettieri
Assistant Special Counsels
950 Pennsylvania Ave NW, Room B-206
Washington, DC 20530
Tel: (202) 532-4991
Email: james.pearce@usdoj.gov
*Counsel for the United States*