**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE MEDIA APPLICATION FOR AUDIOVISUAL ACCESS TO TRIAL PROCEEDINGS IN UNITED STATES OF AMERICA V. DONALD J. TRUMP | Case No. 23-mc-99-TSC |
| IN RE APPLICATION OF NBCUNIVERSAL MEDIA, LLC TO PERMIT VIDEO AND AUDIO OF TRIAL PROCEEDINGS IN UNITED STATES V. DONALD TRUMP | Case No. 23-mc-107-TSC  <br><br>Hearing Requested |

**APPLICATION OF NBCUNIVERSAL MEDIA, LLC TO PERMIT VIDEO AND AUDIO OF ORAL ARGUMENTS AND HEARINGS IN *UNITED STATES V. DONALD TRUMP***

# TABLE OF CONTENTS

INTEREST OF THE APPLICANT ............................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

CONCLUSION AND PRAYER FOR RELIEF ........................................................................... 6

NBCUniversal Media, LLC, doing business as NBCUniversal News Group ("NBCU News Group"), in furtherance of its application of October 11, 2023, *In re Application of NBC Universal Media, LLC to Permit Video and Audio of Trial Proceedings*, 23-mc-107-TSC, Dkt. 1 (D.D.C. Oct. 11, 2023) (the "NBCU Trial Application"), respectfully submits this application under Local Criminal Rule 57.6 to request that this Court allow audiovisual coverage of oral arguments and hearings in *United States v. Donald Trump*, 23-cr-257-TSC (D.D.C), including oral arguments regarding the United States' Motion for Immunity Determinations and former President Trump's Renewed Motion to Dismiss Based on Presidential Immunity (the "Immunity Motions"). The public should be permitted to see and hear the argument on motions that will determine who is subject to the law, and to what extent. The NBCU Trial Application explained that powerful First Amendment values and the importance of these proceedings counsel strongly for this Court to exercise its discretion to authorize the public dissemination of the audiovisual record of these proceedings. There is even more reason to grant this application with respect to oral argument on the Immunity Motions: and there are even weaker arguments to the contrary as there will be no witnesses and no jurors at these oral arguments. NBCU News Group respectfully requests an oral hearing on this application.

## INTEREST OF THE APPLICANT

NBCU News Group is one of the world's leading news organizations. NBCU News Group includes NBC News, MSNBC, CNBC, Telemundo, and NBC- and Telemundo local news stations. NBCU News Group is the most viewed news organization in the nation, reaching seven in ten American adults each month—approximately 172 million people across television, streaming news, and digital. Through these and other avenues for journalism, NBCU News Group reports on newsworthy events like this criminal proceeding, the trial in this action, and oral arguments and

1

hearings in this action, and has a journalistic obligation to provide its viewers, the public at large, and future generations with the best possible record of these proceedings and other significant events like them.

## STATEMENT OF FACTS

On August 1, 2023, the grand jury indicted former President Donald J. Trump. *United States v. Trump*, 23-cr-257-TSC, Dkt. 1 (D.D.C. Aug. 1, 2023). On October 5, 2023, Mr. Trump moved to dismiss the indictment based on the doctrine of presidential immunity. *Id.* Dkt. 74. On October 11, 2023, NBCU News Group filed an application for audiovisual coverage of the trial in *United States v. Trump*. *In re Application of NBCUniveral Media, LLC to Permit Video and Audio of Trial Proceedings*, 23-mc-107-TSC, Dkt. 1 (D.D.C. Oct 11, 2013). The Court consolidated NBCU News Group's application with an application for audiovisual access filed on October 5, 2023, by a coalition of media organizations (the "Media Coalition"). *In re Media Application for Audiovisual Access to Trial Proceedings*, 23-mc-99-TSC, Dkt. 1 (D.D.C. Oct. 5, 2023); *see also id.* October 24, 2023 Minute Order. On December 1, 2023, this Court denied Mr. Trump's motion to dismiss. *United States v. Trump*, 23-cr-257-TSC, Dkt. 172 (Dec. 1, 2023). On February 6, 2024, the Court of Appeals affirmed this Court's decision denying the motion to dismiss. *United States v. Trump*, 91 F. 4th 1173 (D.C. Cir. 2024). On July 1, 2024, the Supreme Court issued an order vacating and remanding for further proceedings. *Trump v. United States*, 144 S.Ct. 2312 (2024). On August 27, 2024, the grand jury indicted Mr. Trump on four felony counts, alleging in the superseding indictment that Mr. Trump "pursued unlawful means of discounting legitimate votes and subverting the election results." *United States v. Trump*, 23-cr-257-TSC, Dkt. 226, ¶ 4 (D.D.C. Aug. 27, 2024).

## ARGUMENT

As the NBCU Trial Application explained, this Court should authorize audiovisual coverage of the trial in this matter. *See* NBCU Trial Application, 23-mc-107-TSC, Dkt. 1. The American public has an extraordinary interest in seeing and hearing proceedings in this criminal action, which involves allegations that Mr. Trump—a former President and a current nominee for reelection to the Presidency—sought to destroy our nation's democracy for his personal benefit. This Court has discretion to authorize video and audio of these proceedings. *Id.* at 6–14 (explaining that Federal Rule of Criminal Procedure 53, the Local Rules, and the Court Reporter Act permit this Court to authorize audiovisual coverage). And even if not, this Court should permit audiovisual coverage because denying it would violate the First Amendment. *Id.* at 15–33.

Since NBCU filed its Trial Application, the arguments for granting audiovisual coverage of these proceedings have only grown stronger. Then, these proceedings were at an early stage; now, they have undergone multiple rulings, including a historic ruling from the Supreme Court articulating new tests for the doctrine of presidential immunity. The merits and status of these proceedings are a matter of regular public attention and fierce debate. Mr. Trump regularly speaks about these proceedings on social media platforms, at his political rallies, in interviews, and elsewhere. And the decisions of the D.C. Circuit and the Supreme Court regarding Mr. Trump's claimed immunity generated enormous public attention and debate—in part because those courts permit the public to access the oral arguments before them.

It is clear that this Court should grant NBCU's Trial Application. It is even clearer that this Court should grant this application and authorize audiovisual coverage of any oral arguments on the historic Immunity Motions. The First Amendment interests at play are just as powerful here. The issues involved in Mr. Trump's claimed immunity go to the structure of American

3

democracy and the conduct of American elected officials, and will no doubt provoke years of debate among politicians, journalists, and ordinary Americans of every political outlook. The arguments made about whether, and to what extent, Mr. Trump can in fact invoke immunity to escape criminal prosecution are just as important and may be some of the most important arguments ever made before any United States court. Authorizing audiovisual coverage of such a hearing is the only way for the public at large to see and evaluate the fairness of the process, the quality of the arguments, the nature of the questions posed by the Court, and the care and attention devoted by all involved to this weighty issue. And arguments against audiovisual coverage are entitled to even less weight here. There is no risk of "witness intimidation," no prospect of "complicat[ing] witness sequestration," no effect on the "preservation and value of live witness testimony," no danger to "judicial efficiency and economy," no chance that a witness will be "subjected to scrutiny and harassment" or that a witness will "temper [their] initial testimony," no potential effect on juror willingness to serve, and no possibility of juror intimidation. *See* United States' Opposition to Applications, *In Re Media Application for Audiovisual Access to Trial Proceedings in United States of America v. Donald Trump*, 23-mc-99-TSC, Dkt. 16, at 8, 14, 15. There will be no witnesses and no jurors at oral arguments on these motions, and no reason to restrict widespread public access to video and audio of argument.

      Yet, unless this Court permits it, only the very small number of people who can access the courtroom in person will be able to see and hear the historic oral argument on these issues. That result would do a deep disservice to the public and permanent injury to the historical record. "[W]hat transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947). The public should see and hear what happens here. The public had access to the oral argument before the D.C. Circuit and the Supreme Court when those courts considered and ruled

4

on Mr. Trump's appeal regarding his claim of immunity. No one—not the government, not the courts, and not Mr. Trump, who supports allowing audiovisual coverage of the trial (*see* President Trump's Response, 23-mc-99-TSC, Dkt. 19, at 2)—ever suggested that widespread public access to those oral arguments created any risk to the fair adjudication of those appeals or imperiled Mr. Trump's rights. There is no risk of prejudice from authorizing public access to oral argument on the Immunity Motions or other motions before this Court, either. After all, federal courts have often permitted the broadcast of hearings in civil proceedings. *E.g.*, *Capitol Records, Inc. v. Alaujan*, 593 F. Supp. 2d 319, 323 (D. Mass. Jan. 14, 2009); *In re Zyprexa Prods. Liab. Litig.*, 2008 WL 1809659, at *1 (E.D.N.Y. Mar. 4, 2008). And during the pandemic many federal courts permitted access to criminal proceedings by video or audio with no injury to the administration of justice. *United States v. Barrow*, 2021 WL 3602859, at *6 (D.D.C. Aug. 13, 2021) (noting district court "maintained a public telephone line for members of the public to call and listen to the [criminal] proceedings"); *see also, e.g.*, *United States v. Allen*, 34 F.4th 789, 793 (9th Cir. 2022) (noting that the district court allowed "streaming audio over the internet"); *In re Order Extending Use of Video and Telephone Conferencing Under Exigent Circumstances*, 2021 WL 1165147, at *1 (D. Vt. Mar. 26, 2021) (extending authorization for the use of "video and telephone hearing in criminal cases" and noting that video attendance was "available to members of the media and members of the public upon request").

"Openness . . . enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984) (*Press-Enterprise I*). Video and audio of oral argument and hearings, including oral argument on the Immunity Motions, will ensure maximum "public scrutiny"— extremely important and valuable here. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8

(1986) (*Press-Enterprise II*); *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569–74 (1980) (plurality op.); *Washington Post v. Robinson*, 935 F.2d 282, 287–88 (D.C. Cir. 1991). Given the extraordinary nature of this action, and the unprecedented questions this Court must address when it hears argument on the Immunity Motions, there is an overwhelming interest in ensuring the public understands the arguments and the determination of motions before the Court in this proceeding. "Openness" is the way to do it.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, this Court should (1) provide a live feed of oral arguments and hearings in *United States v. Trump*, including oral argument on the Immunity Motions, to NBCU News Group and other news outlets and authorize them to disseminate that live feed to the public; if not, (2) permit NBCU News Group to create audiovisual coverage of oral arguments and hearings in this proceeding and broadcast audiovisual coverage after the fact with only the limited delay necessary for this Court to assess whether compelling public interests justify withholding any portion of the video and audio recording from the public for a limited time; if not, (3) at minimum, create an audiovisual record of oral arguments and hearings in this proceeding for historical purposes that it releases to the media and the public with minimal delay.

## MEET AND CONFER CERTIFICATION

Counsel for NBCU News Group conferred by email on October 28, 2024 with counsel for the United States, counsel for Defendant Donald Trump, and counsel for the Media Coalition. Counsel for the United States advised by email on October 28, 2024 that the United States opposes this application. Counsel for Mr. Trump advised by email on October 28, 2024 that Mr. Trump agrees there should be audiovisual coverage in the courtroom. Counsel for the Media Coalition advised by email on October 28, 2024, that the Media Coalition consents to this application.

Dated: October 28, 2024                                    Respectfully submitted,


*/s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr., (D.C. Bar No. 420440)
Patrick J. Fuster (C.A. Bar. No. 326789) (*pro hac vice*)
Milagros R. Villalobos Navas (C.A. Bar No. 324909) (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Ave.,
Los Angeles, California 90071-3197
Tel: (213) 229-7804
tboutrous@gibsondunn.com
pfuster@gibsondunn.com
mvillalobos@gibsondunn.com

Connor S. Sullivan (N.Y. Bar No. 5434931)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
cssullivan@gibsondunn.com

Gail Gove (N.Y. Bar No. 4338976) (*pro hac vice*)
Erik Bierbauer (N.Y. Bar No. 3057148) (*pro hac vice*)
Adam Lazier (N.Y. Bar No. 5396254) (*pro hac vice*)
**NBCUNIVERSAL MEDIA, LLC**
30 Rockefeller Plaza
New York, NY 10112-0015
gail.gove@nbcuni.com
erik.bierbauer@nbcuni.com
adam.lazier@nbcuni.com

*Attorneys for Applicant NBCUniversal Media, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October 2024, I caused true and correct copies of the foregoing to be served via electronic mail and FedEx overnight delivery.

J.P. Cooney
Molly Gulland Gaston
John Pellettieri
James Pierce
Elizabeth Shapiro
Thomas Windom
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530

*Counsel for the United States*

John F. Lauro
Filzah I. Pavalon
Lauro & Singer
400 N. Tampa Street
15th Floor
Tampa, FL 33602

Todd Blanche
Blanche Law
99 Wall Street
New York, NY 10005

*Counsel for Donald J. Trump*

Charles D. Tobin
Chad Russell Bowman
Laura Russell
Maxwell S. Mishkin
Ballard Spahr LLP
1909 K Street, NW
12th Floor
Washington, DC 20006

*Counsel for Media Coalition*

          */s/ Theodore J. Boutrous, Jr.*
          Theodore J. Boutrous, Jr. (# 420440)